868 So.2d 945 (2004)
Dina GUIDRY
v.
FORD MOTOR COMPANY and Don Bohn Ford, Inc.
No. 03-CA-1197.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*947 Jacque R. Touzet, New Orleans, LA, for Appellant.
Robert W. Maxwell, Joseph F. Clark, Jr., McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, Covington, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
In an automobile redhibition case, Plaintiff, Dina Guidry, appeals from a judgment granting the peremptory exception of prescription of Defendant, Ford Motor Company (Ford). We affirm.
On May 23, 1998, Plaintiff leased a 1998 Ford Explorer from Don Bohn Ford, Inc. (Don Bohn) in Harvey, Louisiana for a term of three years. During the lease term, she returned the vehicle several times for repairs[1]. The lease expired by its terms in July of 2001 and the mileage on the vehicle was 57,328. In November of 2001, Plaintiff filed a claim with the Ford Dispute Settlement Board, which was denied. On December 3, 2001, Plaintiff filed suit against Ford and Don Bohn. In December of 2002, Defendants filed peremptory exceptions of prescription and no cause of action, which were heard on January 30, 2003. On April 9, 2003, a judgment was rendered granting the exception of prescription and denying the exception of no cause of action.
On appeal, Plaintiff first contends that the trial judge erred in finding the claim prescribed under La.R.S.51:1944E, because the prescriptive provision relied on by the trial judge applies to sales, not leases. Second, she contends that the trial judge erred in disregarding that expiration of the bumper-to-bumper warranty based on mileage is a precarious practice, due to the unusual nature of this lease, because the car was still under warranty for other items. Third, Plaintiff contends that the trial judge erred in disregarding the practical effects of the requirement that the claim be first submitted to early dispute resolution prior to filing suit.
The Louisiana "lemon law" is set out in La.R.S. 51:1941 et seq. La.R.S. 51:1941(2) includes in its definition of consumer, "A person to whom a motor vehicle is leased." R.S. 51:1941(2)(c) [emphasis added.]
La. R.S. 51:1944 provides the replacement or refund as remedies for "a nonconformity"[2] in a motor vehicle, as follows:
A. If a nonconformity in a motor home has not been repaired within the time periods provided for in R.S. 32:1943(A)(2), or if after four or more attempts within the express warranty term or during a period of one year following the date of the original delivery to the consumer of a motor vehicle which is not a motor home, whichever is *948 the earlier, the nonconformity has not been repaired or if the vehicle is out of service by reason of repair for a cumulative total of ninety or more calendar days during the warranty period, the manufacturer shall:
(1) Replace the motor vehicle with a comparable new motor vehicle, or, at its option,
(2) Accept return of the motor vehicle and refund the full purchase price plus any amounts paid by the consumer at the point of sale, and all collateral costs less a reasonable allowance for use to the consumer, or any holder of a perfected security interest in the motor vehicle, as their interest may appear, if the transaction was a sale.
B. If the transaction is a lease, the provisions of Paragraph (1) of Subsection A of this Section are applicable or the manufacturer may, if the lessor is willing, accept return of the motor vehicle and reimburse the lessee for all reasonable expenditures in connection with the lease, and further satisfy all conditions of the lease in connection with early termination and related charges. The lessee shall be liable for a reasonable allowance for use of the vehicle prior to the return thereof.
C. A reasonable allowance for use shall be that amount directly attributable to use by the consumer prior to his first notice of nonconformity to the manufacturer, agent, or dealer and during any subsequent period when the vehicle is not out of service by reason of repair.
R.S. 51:1944 D provides that prior to filing suit, the consumer must first resort to the manufacturer's informal dispute settlement procedure, if one has been established, which substantially complies with the provisions of Title 16, Code of Federal Regulations, Part 703. According to Section E, "The consumer shall have no more than three years from the date he purchased the motor vehicle or until one year from the end of the warranty period, whichever is longer, in which to file suit against the manufacturer to force compliance with the provisions of this Section." [Emphasis added.]
R.S. 51:1944B sets out the remedies allowed to be recovered for a defect when the consumer has a leased vehicle. The first remedy is the same as in Section A(1), replacement of a vehicle that is not repaired after four or more attempts within the express warranty term, or within one year following the date of the original delivery to the consumer. Section B also states that the manufacturer has the option, if the lessor is willing, to accept return of the vehicle, reimburse the lessee for all reasonable expenditures in connection with the lease, and satisfy all early termination conditions of the lease and related charges. In that case, the lessee shall be liable for a reasonable allowance for use of the vehicle prior to its return.
Clearly, both remedies provided in R.S. 51:1944 contemplate that an action against the manufacturer will be taken within the lease term, since the statute does not provide any remedy for a consumer after the lease term expires. Thus, it follows that a claim under the informal dispute resolution proceeding (R.S. 51:1944D) must also be made within the term of the lease in order for a plaintiff to obtain the benefits of the statute. Although Plaintiff argues that this conclusion is impractical, neither this Court nor the trial judge can ignore the clear language or intent of the statute. Consequently, we find that the trial judge did not err in this regard.
We further find that the time limitations in R.S. 51:1944E for bringing an action applies to leases as well as to sales. *949 R.S. 51:1944 sets out the remedies for both sale and lease claims. As defined in R.S. 51:1941(2)(c), a consumer includes a lessee. Regardless of the first part of the time limitation sentence (three years from the date of purchase), the second part, one year from the end of the warranty period, applies to a lease when, as here, Plaintiff had a new car warranty on the vehicle. Thus, we conclude that the legislature intended the time limitations to apply to both leases and sales.
Plaintiff also argues that the time for bringing suit under R.S. 51:1944E should not commence until after a decision is received in the informal dispute resolution. In this case, that would have been four months after the lease terminated by its own terms.
Defendant asserts that the time limitation is preemptive, rather than prescriptive. We need not decide that issue here because, even if it is prescriptive and can be interrupted or suspended, it can only be suspended or interrupted if the consumer files the dispute resolution claim with the manufacturer within the statutory period (three years from date of the purchase or lease, or one year from the end of the warranty period, whichever is longer). In this case, Plaintiff did not file her claim with Ford's settlement board until four months after the lease ended by its own terms, and the vehicle had been returned to the dealer. At that point, under R.S. 51:1944A and B, Plaintiff no longer had a remedy, since she no longer has a right to a replacement vehicle and she cannot return it to the manufacturer for an early termination of the lease. Thus, we find that the trial judge did not err in rejecting this argument.
Plaintiff also contends that the trial judge erred in relying on the bumper-to-bumper warranty, because some of the mileage was incurred driving back and forth to the dealer from Alexandria, Louisiana (a distance of 190 miles each way). However, R.S. 51:1944E unequivocally states that the consumer has no more than three years from the date that he purchased the motor vehicle or until one year from the end of the warranty period, whichever is longer. Although the vehicle's mileage in this case may have included long trips back and forth from the dealer, the statute neither excludes from the warranty any mileage for travel to and from the dealer for repair, nor does it leave any room for that interpretation. Thus, we find that the trial judge did not err in failing to credit mileage related to her trips from Alexandria in conjunction with the warranty period.
Plaintiff next argues that warranties other than the bumper-to-bumper warranty relied on by the trial judge were in effect and had to expire prior to the commencement of the time limitation for filing suit. We disagree. R.S. 51:1941 et seq. indicates that the legislature intended the applicable warranty period to be the one related to the defect(s) at issue. Thus, we find that the trial judge did not err in rejecting this argument.
In light of these findings, we conclude that Plaintiff had three years from the date she leased the vehicle, or one year from the end of the warranty period, whichever is longer, in which to file suit against Defendants. Since the warranty expired after 36,000 miles, before the expiration of the three-year lease term, Plaintiff had three years from the date that she leased the Explorer, May 23, 2001, to file suit. Plaintiff filed suit on December 3, 2001, six months too late. Thus, the trial judge did not err in finding that the action had prescribed.
*950 Accordingly, the judgment granting the peremptory exception of prescription is hereby affirmed. Costs of appeal are to be paid by Plaintiff.
AFFIRMED.
NOTES
[1] The petition does not specify the types of repairs.
[2] R.S. 51:1941(7) defines "a nonconformity" as a defect, malfunction or condition which substantially impairs the use and/or market value of a motor vehicle.